# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAQUEL ARENAS-GRUBE,

    Plaintiff,

v.                                        Case No. 10-C-809

MENASHA JOINT SCHOOL DISTRICT,

    Defendant.

## DECISION AND ORDER

Defendant Menasha Joint School District moves to dismiss the complaint, which the Plaintiff, a former school district employee, brought pursuant to the Family and Medical Leave Act ("FMLA") , 29 U.S.C. § 2601 *et seq.* For the reasons given below, the motion to dismiss will be granted.[1]

The operative facts are brief. Arenas-Grube asked for unpaid leave to visit her mother in Colombia. The Defendant school district denied the request, in part because the proposed leave was to occur during the school year. Plaintiff went to Colombia anyway, and when she failed to report for work after the school's winter recess, the district fired her.

The FMLA provides that before an employee is eligible to take FMLA leave, that employee must work for an employer for 12 months and must have worked at least 1,250 hours within that period. 29 C.F.R. § 825.110(a). According to district records, Arenas-Grube worked only 976.5

---

[1] Both sides have supplied affidavits, and so the motion to dismiss operates as a kind of expedited motion for summary judgment.

hours during the twelve months preceding her leave request. The district reached this total by adding up all of her actual hours worked, as reflected on her time sheets. Obviously, 976.5 is much lower than the 1,250 threshold, and so the Defendant believes it is entitled to judgment.

But such simplicity, which would provide clarity and avoid litigation, is lost on lawyers and regulators. Under the FMLA's regulations, hours that an employee *voluntarily* works (i.e., uncompensated work) also count, even if those hours do not show up on a time sheet or in other records. 29 C.F.R. § 785.12. Plaintiff asserts that she showed up for work fifteen minutes early every day and stayed fifteen minutes late every day. In addition, she also worked through her one-hour lunch as a matter of course. Thus, she calculates that she worked an additional 1.66 hours every day that were not documented on her time sheets. Calculating her hours under this more expansive approach yields 1,251.37 hours worked – just enough to limp past the 1,250 threshold. (Arenas-Grube Aff., Ex. 1.) As the Defendant notes, a reduction of Ms. Arenas-Grube's claimed hours by just 1.38 hours is fatal to her claim under the FMLA.

Arenas-Grube is correct that in some cases the FMLA allows workers to "count" undocumented hours. *See, e.g., Weidner v. Unity Health Plans Ins. Corp.,* 606 F. Supp. 2d 949, 959 (W.D. Wis. 2009). Even so, it is apparent that the Defendant is entitled to judgment. First, it is unclear how Plaintiff arrives at her calculation of 1.66 extra hours per day: working through a one-hour lunch plus fifteen minutes early and late equals 90 minutes, or 1.5 hours. Plaintiff includes this phantom .16 hours in almost every one of her roughly 150 days worked, which means her actual total would be 24 hours fewer than the 1,251 hours she claims (.16 times 150). That alone is enough to get her below the FMLA threshold.

2

A second problem is that even if we take her word that she worked through her lunch hour *every day*, that does not mean she worked 60 minutes of that hour. Obviously, she must have had time to actually eat. Even if Plaintiff were the most zealous public school employee imaginable, she would likely have worked only 55 minutes of every lunch hour. Accounting for that would reduce her total by 12.5 hours over the course of a year (5 minutes times roughly 150 days worked). Again, that would bring her underneath the 1,250 threshold. But an even more fatal problem emerges: as the Defendant notes, Plaintiff did not actually have a lunch "hour" – she merely had a period of time she recorded on her time sheets as being off the clock. Some days lunch was 10 minutes; other days she recorded 30 or 40 minute lunches. In fact, she recorded "50 minute" lunches 113 times over the course of the year. As such, she cannot count a full hour for each day she worked through lunch, because even her own records indicate that the break she took at lunch was never 60 minutes long. Thus, even if she actually worked every minute of every lunch, she would be well short of 1,250. The numbers simply do not add up.

For these reasons, I conclude that the Defendant's motion for summary judgment should be **GRANTED** and the case **DISMISSED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this ___20th___ day of December, 2010.

   s/ William C. Griesbach
William C. Griesbach
United States District Judge

3